**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| ANTHONY PIGGUE | § | |
| | § | CASE NO.   18-60028 |
| DEBTOR | § | |
| | § | |
| ANTHONY PIGGUE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| KARON G. BARBEE, RECEIVER | § | |
| Defendant. | § | ADVERSARY NO. |
| | § | |

## COMPLAINT

Anthony Piggue, (the "Debtor"), files this Complaint against Karon G. Barbee (the "Receiver" or "Defendant"), pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting turnover of property of the estate, compliance with 11 U.S.C. §544, damages including reasonable attorney's fees and costs for violation of 11 U.S.C. §362, equitable relief, and respectfully shows the Court the following:

### SUMMARY OF THIS ADVERSARY PROCEEDING

Pre-petition, the state court receiver, Ms. Barbee, took possession of nearly all of the Debtor's exempt and non-exempt assets. The Receiver and her counsel have known about the Debtor's bankruptcy filing since the day it was filed. Furthermore, the Receiver and her counsel were well aware of the filing on June 5, 2018 when Mr. Lambert emailed the Court's case manager which resulted in an emergency hearing set by the Court.

Pursuant to 11 U.S.C. § 544, the Receiver has failed to turnover estate property, including the Debtor's exempt vehicle. The Receiver has also failed to file an accounting of any property of the Debtor in the Receiver's possession or an accounting of assets that have been sold by the Receiver. Furthermore, the Receiver has violated 11 U.S.C. §362 by willfully refusing to turnover property of the bankruptcy estate.

**PARTIES AND JURISDICTION**

1. Anthony Piggue is the debtor in this case and can be served with pleadings and process in this adversary proceeding through his undersigned counsel.

2. Karon Barbee is the receiver in this case and can be serve with process at 14101 Hwy 290 W., Bldg 400-C, Austin, Texas 78737.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

6. This adversary proceeding relates to the chapter 7 bankruptcy case, *In re Piggue,* Case No. 18- 60028, in the United States Bankruptcy Court for The Southern District of Texas, Houston Division.

**STATEMENT OF FACTS**

FACTS

7. On April 23, 2018, Karon G. Barbee (the "Receiver") was appointed as receiver for the debtor in Cause No. 201-CI-04669.

8. Amir Abdullah represents the Receiver.

9. On May 3, 2018, the Receiver seized the Debtor's 2014 Mini Cooper (the "Vehicle").

10. On May 21, 2018, the Debtor filed his Chapter 7 Bankruptcy.

11. Immediately after filing the bankruptcy, Debtor's counsel contacted Mr. Abdullah and the Receiver by cell phone and informed them both of the bankruptcy filing and that they needed to immediately leave the Debtor's home and business.

12. The Receiver and Abdullah continued to take possession of Debtor's property after they both had actual notice of the bankruptcy filing.

13. On May 23, 2018, two days after the case was filed, the Receiver filed a *Notice of Appearance* in the bankruptcy case.

14. The Debtor claimed the Vehicle as an exempt asset.

15. In addition to the Vehicle, the Receiver seized nearly the majority of the Debtors' exempt and non-exempt property from his home and office.

16. Below is a photo of the aftermath of the Debtor's daughter's room on the petition date, after the Receiver left and took many of her possessions.



**Demand for Turnover and Accounting**

17. On June 5, 2018, this Court set an emergency hearing on the *Emergency Ex-Parte Motion* filed by Mr. Lambert. The Receiver appeared at the hearing. Immediately after the hearing concluded, Debtor's counsel informed the Receiver that she needed to file an accounting of any estate property that was in her possession.
18. To date, the Receiver has failed to file an accounting with the Bankruptcy Court.
19. The Receiver is represented by bankruptcy counsel.
20. On June 22, 2018, the Trustee informed Debtor's counsel that the Vehicle is in the Receiver's possession and is located in Austin, Texas.
21. On June 26, 2018, Debtor's counsel spoke to Mr. Abdullah and made demand for the Receiver to return the vehicle. Mr. Abdullah confirmed that the Vehicle was in Austin, but would not confirm that the Receiver would deliver the Vehicle until there was resolution of payment of the delivery fee for the Vehicle and until he received confirmation from the Trustee.

22. On June 26, 2018, Debtor's counsel emailed Receiver's counsel and made demand for the vehicle to either be turned over to the Trustee or to Debtor's counsel. *Exhibit A*

23. On June 27, 2018, Debtor's counsel emailed Abdullah again to follow up on the turnover of the Vehicle, but no response was received. *Exhibit B*

24. The Trustee has confirmed that he has communicated with the Receiver regarding the Vehicle as well.

25. The Debtor's daughter needs the Vehicle to get to and from school. The Debtor has incurred costs for the rental of a new vehicle for his daughter.

26. The Debtor has incurred attorney's fees and expenses as result of the Receiver's failure to turnover property of the estate.

RELIEF REQUESTED

### TURNOVER OF PROPERTY BY A CUSTODIAN

27. The factual allegations contained in paragraph 1 through 26 are hereby incorporated for all purposes.

28. Pursuant to 11 U.S.C. § 101(11), the Receiver is a custodian.

29. Pursuant to 11 U.S.C. § 543(b)(1) a custodian shall deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case.

30. Here, the Receiver was aware of this bankruptcy filing as of May 21, 2018, and has failed to deliver to the trustee all of the debtor's property.

31. Pursuant to 11 U.S.C. § 543(b)(2) a custodian shall file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody or control of such custodian.

32. Here, the Receiver has possession of property of the estate, has sold property of the estate and failed to file an accounting with the Bankruptcy Court.

### VIOLATION OF THE AUTOMATIC STAY

33. The factual allegations contained in paragraph 1 through 31 are hereby incorporated for all purposes.

34. The acts of the Receiver by failing to turnover the Vehicle and all of the debtor's assets in her possession violated the automatic stay of 11 U.S.C. §§ 362(a)(3).

35. The Receiver's acts were willful and intentional.
36. The acts of the Receiver caused actual damages, including attorney fees and costs.

37. The Debtor is entitled to recover from the Defendant the damages, including reasonable costs and attorney fees.
38. The acts of the Defendant were willful and intentional and the Debtor is entitled to recover punitive damages from the Receiver.

### PRAYER FOR RELIEF

WHEREFORE, the Debtor prays this Court enter judgment in favor of the Debtor against the Defendant, for turnover of estate property, for reasonable attorney's fees and costs, punitive damages, and for all equitable relief that he may be justly entitled.

Dated: June 27, 2018

> Respectfully submitted,
>
> By: _/s/ Miriam Goott_
> Miriam Goott
> attorney-in-charge
> SBN 24048846
> COUNSEL FOR THE
> DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 957-3358 (fax)
mgoott@walkerandpatterson.com